121 N.J. Super. 48 (1972)
296 A.2d 71
PARACHUTES, INCORPORATED, PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF LAKEWOOD AND LESTER C. SCOTT, SANITARY INSPECTOR, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 19, 1972.
Decided October 27, 1972.
*49 Before Judges GAULKIN, LORA and ALLCORN.
Mr. Stanley Yacker argued the cause for appellant (Messrs. DeMaio and Yacker, attorneys).
Mr. Norman D. Smith argued the cause for respondent.
PER CURIAM.
Plaintiff sued to invalidate Lakewood's noise control ordinance or to enjoin its enforcement as against it. After plenary trial, judgment was entered in favor of defendants, and plaintiff appeals.
Plaintiff owns and operates a sport parachuting center and flying school at Lakewood Airport. It has occupied all of the airport for those purposes since 1963. There is no evidence that the field is used for any other purpose  certainly none that would be affected by the ordinance.
Plaintiff claims that the ordinance will force it out of the sport parachuting business. That operation may be described as follows: plaintiff's plane bearing parachutists takes off from the field and then circles over a fixed zone. At the appropriate time the engine is stopped and a parachutist jumps. The engine is then started again, the plane continues to circle, the engine is stopped again and another parachustist jumps. This is continued until all parachutists aboard have jumped  usually eight or nine. Then the plane descends and another plane goes aloft and duplicates the operation. On weekends, when the weather is good, this often *50 continues from morning until dark. It is the noise of the repeated starting of the engines in flight that runs afoul of the ordinance  take off, landing and ordinary sustained flight is not affected by the ordinance.
The ordinance forbids sound over 50 decibels during the night hours and 60 decibels during the day. Plaintiff claims that it cannot continue its stop-and-start operations in the air within those limits (at least, with its present equipment) and therefore the ordinance will force it out of business.
Plaintiff contends: (a) "municipal regulation of noise produced by aircraft in navigable air space is either pre-empted by federal law or in direct conflict with the federal regulatory scheme," and (b) the ordinance "constitutes an abuse of the police power insofar as the scope and degree of regulation far exceed the need therefore and insofar as the ordinance arbitrarily discriminates against plaintiff."
We know of no federal statute or regulation governing the noise levels of operations such as plaintiff's. Plaintiff points to no specific federal statute or regulation with which the ordinance conflicts. It is not contended that the ordinance interferes with interstate commerce, FAA-regulated flights or flight patterns, scheduled or commercial flights, or point-to-point flights generally.
Plaintiff's chief contention is that the Federal Government has preempted the entire field of regulation of flights of all kinds, of all uses of aircraft in navigable air space whatever the purpose of the flight or the nature of the use may be, and of all noise levels incident thereto. Therefore, says plaintiff, a municipality may not enact a noise ordinance affecting aircraft in flight, even those which only cruise or hover in a limited intrastate space and even though the federal authorities have done nothing about regulating such noise.
We are not convinced that there is such preemption. See Hanover Tp. v. Morristown, 108 N.J. Super. 461, 477-480 (Ch. Div. 1969); but see Lockheed Air Terminal, Inc. v. City of Burbank, 457 F.2d 667 (9 Cir.1972).
*51 It seems to us that a municipality is not barred from regulating noise emanating from aircraft hovering and cruising in a circle to advertise something. By the same token, we conclude that it may regulate the noise from airplanes hovering and cruising at low levels for sport parachuting.
Finally, plaintiff argues that the ordinance is discriminatory in that it regulates only hovering aircraft noise and not other equally loud noises. We find no merit in this contention. The ordinance does proscribe other noises  it is not essential that it reach all sudden, transient noises, such as those of passing trucks, the sources of which are too difficult to identify, measure or punish.
Affirmed.